LEE BOBINO V. THE STATE.

No. 13955.   Delivered January 28, 1931.

The opinion states the case.

*Fletcher S. Jones,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, three years in the penitentiary.

The record is here without any bills of exception, or any complaint of procedure save that two special charges asked by the appellant were refused. One of them sought a peremptory instruction in favor of the appellant. There was no error in its refusal. The other charge presented the law of accomplice testimony, which appears to be fully covered by the main charge of the court, and no error was committed in its refusal.

We have carefully examined the facts in this case and believe them sufficient to justify the conclusion of guilt. The State's case was fully made out by an accomplice who was present at the time the burglary was committed, and participated in the fruits thereof. The morning after the burglary the owner of the store which was broken, found the broken window and testified to the things taken from the store, which included a lot of tobacco, cigars, brooms, chicken feed, and a sack containing two rolls of pennies. Appellant and the accomplice and another party were found by the officers locked in a dilapidated shack or house, and when the officers opened the door all the parties fled. Appellant and one of them got under the bed and another went out through a hole in the attic. The officers found the two rolls of pennies rolled up a piece

of paper which looked like a sack. They also found two bags of chicken feed. At another near-by place pointed out by the accomplice they found a lot of brooms which were identified by the owner of the burglarized store, and a number of other things, including tobacco of different kinds. Appellant did not testify. Without further discussion we are of opinion that there is no error shown in the record, and the judgment will be affirmed.

*Affirmed.*